### FINKELSTEIN v. BOYLAN et al.

District Court, S. D. New York.
Sept. 19, 1941.

See, also, D.C., 33 F.Supp. 657.

Alexander Kahan and David Haar, both of New York City, for plaintiff.

George Z. Medalie, of New York City, for defendant George W. Hill.

Clarence J. Shearn, of New York City, for defendants Vicent Riggio et al.

Sigourney B. Olney, of Brooklyn, N. Y., for defendants Richard J. Boylan et al.

Chadbourne, Wallace, Parke & Whiteside, of New York City, for defendant American Tobacco Co.

BRIGHT, District Judge.

The plaintiff in this action seeks an injunction restraining the defendants from proceeding with a hearing called by the American Tobacco Company to be held before Mr. Justice William T. Collins, a Justice of the Supreme Court of the State of New York, on September 22nd, 1941, for the consideration of a proposed settlement of a judgment entered in an action in the New York Supreme Court, in which Esther Heller and others were plaintiffs, and Richard J. Boylan and other officers and directors of the Tobacco Company, were defendants, — Misc. —, 29 N.Y.S. 2d 653, and of all matters involved in the amended complaint. That action, like this one, was a derivative action by stockholders of the Tobacco Company, to collect moneys claimed to have been taken illegally from the funds of the Tobacco Company.

By this motion, it is obvious that plaintiff seeks to prevent the consideration at this time by that court of the question mentioned. There is no showing that out of such hearing action detrimental to the plaintiff will necessarily follow; nor is there any suggestion that the Justice named will do something which in equity and good conscience ought not to be done.

After a reading of Judge Collins' splendid opinion rendered in the Heller case, from which it is obvious that due and careful consideration was given to the law and facts therein involved, I am not willing, and will not assume, that any inequity, fraud or wrongdoing can be apprehended. The hearing will be an open one at which any stockholder, including the plaintiff here, may present full and complete opposition to the proposed settlement.

Such an injunction, if granted, would not only restrain the State Court, one of co-ordinate jurisdiction with this in the issues involved, from proceeding in regular order with matters properly before it, but would also prevent all stockholders from taking any steps therein, and from presenting their views for or against the proposed settlement. Under the circumstances I would not restrain the orderly or regular conduct of the action in the State Court prior to or in rendering judgment. Aside from the question of whether or not I have the power to do so under the facts set forth in the moving papers, which I seriously doubt, I cannot see how I would be justified in attempting to interfere with the State Court in its consideration of matters subsequent to judgment.

The motion is denied.